## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ERIK SHAK on behalf of himself and all others similarly situated,<br><br>      Plaintiff,<br><br>  v.<br><br>ADELPHI UNIVERSITY,<br><br>      Defendant. | Civil Action No.: 1:20-cv-01951-WFK-RML<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff Erik Shak ("Plaintiff") brings this action on behalf of himself and all others similarly situated against Defendant Adelphi University ("Adelphi" or "Defendant"). Plaintiff makes the following allegations pursuant to the investigation of his counsel and based upon information and belief, except as to the allegations specifically pertaining to himself, which are based on personal knowledge.

### NATURE OF THE ACTION AND FACTS COMMON TO ALL CLAIMS

1.  This is a class action lawsuit on behalf of all people who paid tuition and fees for the Spring 2020 academic semester at the Adelphi University, and who, because of Adelphi's response to the Novel Coronavirus Disease 2019 ("COVID-19") pandemic, lost the benefit of the education for which they paid, and/or the educational and related services and facilities for which they paid, without having their tuition and fees refunded to them.

2.  Adelphi is a private university with a current enrollment of more than 8,000 students. The university offers more than 30 formal major fields for undergraduates, as well as a number of graduate programs.

3.  Plaintiff and Adelphi entered into a contractual agreement where Plaintiff would provide payment in the form of tuition and fees and Defendant, in exchange, would provide in-

person educational services, experiences, opportunities, and other related services to Plaintiff. The terms of the contractual agreement were set forth in publications from Adelphi, including Adelphi's Spring Semester 2020 Course Catalog ("Course Catalog").[1]

4.      When Plaintiff and Class Members sought to enter into a contractual agreement with Defendant for the provision of educational services for the Spring Semester 2020, Plaintiff and Class Members viewed the Course Catalog to make specific course selections prior to registering and paying for selected courses.

5.      The Course Catalog provided Plaintiff and Class Members with information regarding the courses offered, the instructor, the days and times during which the courses would be held, and the location (including the building and room number) in which courses would be held.  An exemplar of the Spring Semester 2020 Course Catalog is provided below:



---

[1] https://search.adelphi.edu/course-search/ (last visited September 30, 2020).

6.      Indeed, the Course Catalog specifically allows for students to search for courses to enroll based on "Traditional – In-Person Mode of Instruction."

| Mode of Instruction | ☐ Traditional - In-Person Mode of Instruction |
|---|---|
| | ☐ Online - Online Mode of Instruction |
| | ☐ Blended - 30-79% Content Online |

7.      Other publications from Adelphi reference the in-person nature of the Spring Semester 2020 course offerings, including the University Policies and course specific syllabi.

8.      Adelphi's Spring 2020 semester commenced on or about January 23, 2020 and concluded on or about May 18, 2020.  Plaintiff and Class Members' payment of tuition and fees were intended to cover in-person education, experiences, and services for the entirety of the Spring Semester 2020.

9.      On or about March 10, Adelphi provided a written update to its student body notifying them that because of the global COVID-19 pandemic, all on-campus classes would be canceled beginning on March 11, 2020.  The update further stated that Adelphi would offer all classes in an online format beginning on Monday, March 23, 2020.

10.      Moreover, on or about March 16, 2020, Adelphi provided an urgent written notice to resident students and their families that effective immediately, all resident students were directed to move out and return home as soon as possible.  The notice stated that all residence halls would end normal operations on March 25.  Thus, as of March 16, Adelphi effectively closed its campus with limited exception for the most basic services provided to students who could not return home due to travel restrictions or other extreme circumstances.

11.      From March 11, 2020 through the end of Spring Semester 2020, Adelphi did not hold any in-person classes.  Classes that did continue were only offered solely in an online format, with no in-person instruction.

12.     As a result, Adelphi did not deliver the educational services, facilities, access and/or opportunities that Plaintiff and the putative class contracted and paid for.  The online learning offered by Adelphi students were subpar in practically every aspect, from the lack of facilities, equipment, materials, and access to faculty.  Students were deprived of the opportunity for collaborative learning and in-person dialogue, feedback, and critique, including but not limited to loss of clinical rotation learning opportunities.  The remote learning options were in no way the equivalent of the in-person education that Plaintiff and the putative class members contracted and paid for.

13.     Adelphi did not provide in-person education, experiences, or related services for approximately 50% of the Spring Semester 2020.

14.     Nonetheless, Adelphi has not refunded any tuition or mandatory fees paid for Spring Semester 2020.

15.     Plaintiff and the putative class did not enter into an agreement with Adelphi for online education, but rather sought to receive in-person education from Adelphi.  Plaintiff and the putative class are therefore entitled to a refund of tuition and fees for in-person educational services, facilities, access and/or opportunities that Adelphi has not provided.  Even if Adelphi had to cancel in-person classes, the Plaintiff's and the putative class members' payments for in-person services have been improperly retained.

16.     Through this lawsuit Plaintiff seeks, for himself and Class members, reimbursement of the pro-rated portion of tuition and fees, proportionate to the amount of time that remained in the Spring Semester 2020 when classes moved online and campus facilities and services ceased being provided in full.  Plaintiff seeks return of these amounts on behalf of himself and the Class as defined below.

## PARTIES

17.     Plaintiff Erik Shak is a citizen of New York who resides in Fresh Meadows, New York.  Plaintiff was a full-time, undergraduate Adelphi student, and paid his tuition for the Spring 2020 semester.  Plaintiff paid more than $16,000 in tuition and fees to Defendant for Spring Semester 2020.  He has not been provided a refund for any tuition monies paid, or for certain university fees paid, despite that in-person classes have ceased and other services and facilities are now limited or unavailable.

18.     Fees charged by Adelphi for Spring 2020 include a University Fee, which is supposed to cover the use of all academic and recreational facilities and services – including recreation and sports, health services, security services, and shuttle/transportation services.[2] Other fees charged by Adelphi include a Student Activity Fee, Library Resource Fee, and Technology Fee.  None of these on-campus services and facilities were available to Ms. Shak or class members while Adelphi was shut down in Spring Semester 2020.

19.     Prior to beginning the Spring 2020 semester, and prior to paying tuition and fees, Plaintiff consulted the Course Catalog to select and enroll in courses for the Spring Semester 2020.  In consulting the Course Catalog, Plaintiff understood and believed that every course in which he enrolled was to be taught in-person.  Plaintiff's understanding and belief was based on the course specifying an on-campus location where the course would be taught, as well as that the courses were listed as "Online" on the Course Catalog search function.  Thus the in-person nature of the courses was part of the benefit of the bargain, and Plaintiff would not have paid as much, if any, tuition and fees for the Spring 2020 semester at Adelphi had he known that the course would not, in fact, be taught in-person.

---

[2] https://www.adelphi.edu/admissions/aid/tuition/fees/ (last accessed 9/30/20)

20.     Indeed, Mr. Shak's Spring 2020 semester schedule, as seen on his student

schedule, shows that each and every class in which he enrolled was to be taught in-person:



21.     Defendant is a private university in Garden City, New York, where its main

campus is located.  Defendant also maintains satellite centers in Manhattan, Hudson Valley and

Suffolk County, New York.  Adelphi resides in Nassau County, New York, with its principal

place of business at 1 South Avenue, Garden City, New York.

<u>**JURISDICTION AND VENUE**</u>

22.     The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2)(A),

as modified by the Class Action Fairness Act of 2005, because at least one member of the Class,

as defined below, is a citizen of a different state than Defendant, there are more than 100

members of the Class, and the aggregate amount in controversy exceeds $5,000,000 exclusive of

interest and costs.

23.     This Court has personal jurisdiction over Defendant because many of the acts and transactions giving rise to this action occurred in this District, because Defendant conducts substantial business in this District, and because Defendant's principal place of business is located in this District.

24.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because many of the acts and transactions giving rise to this action occurred in this District, because Plaintiff is a resident of the state in which the District is located, and because Defendant's principal place of business is located in this District.

## FACTUAL ALLEGATIONS

### *Plaintiff and Class Members Paid Tuition and Fees for Spring Semester 2020*

25.     Plaintiff and Class members are individuals who paid the cost of tuition and other fees for the Spring 2020 Semester at Adelphi University.

26.     Spring Semester 2020 classes at Adelphi began on or about January 23, 2020. The last day of classes for the semester is scheduled for May 11, 2020, with final exams scheduled to conclude on May 18.

27.     Plaintiff and Class members paid the cost of tuition for the Spring Semester 2020. They also paid fees associated with the Spring Semester 2020, including university, technology, library resources, and student activity fees.

28.     Approximate tuition costs at Adelphi for full-time, undergraduate students for the Spring Semester 2020 exceed $19,200 for in-person learning programs.  At this tuition rate, the cost per credit hour averages more than $1,100.  And student fees for the semester approximate an additional $920.

29.     Tuition and fees paid by or on behalf of Adelphi students may vary somewhat based on program of study.  They also vary based on whether students are enrolled for in-person learning versus online learning degrees and programs, which are substantially cheaper.

30.     For example, approximate tuition costs for online undergraduate students for the Spring Semester 2020 for a Bachelor of Science degree program are $720 per credit hour.  And approximate tuition costs for online undergraduate students for the Spring Semester 2020 for a Bachelor of Arts degree program are $500 per credit hour.  As such, Adelphi charges hundreds of dollars less per credit hour for its online learning programs than for its in-person learning programs.  Moreover, students enrolled in online learning programs are charged reduced fees as compared to students in on-campus learning programs, approximating $490 per semester.

31.     The tuition and fees described in the paragraphs above are provided by way of example; total damage amounts – which may include other tuition and fees that are not listed herein but that were not refunded – will be proven at trial.

### *In Response to COVID-19, Adelphi Closed Campus And Cancelled All In-Person Classes And Limited Services*

32.     On March 10, Adelphi notified its student body that because of the global COVID-19 pandemic, all on-campus classes would be canceled beginning on March 11, 2020. The notice further stated that Adelphi would offer all classes in an online format beginning on Monday, March 23, 2020.

33.     On or about March 16, 2020, Adelphi effectively closed its campus with limited exception for the most basic services provided to students who could not return home due to travel restrictions or other extreme circumstances.

34.     From March 10, 2020 through the end of Spring Semester 2020, Adelphi did not hold any in-person classes.  Classes that did continue were only offered in an online format, with

no in-person instruction.

35.     As a result of the closure of Defendant's facilities, Adelphi has not delivered the educational services, facilities, access and/or opportunities that Plaintiff and the putative class contracted and paid for.  The online learning options being offered to Adelphi students are subpar in practically every aspect compared to in-person learning, including due to lack of facilities, equipment, materials, and access to faculty.  Students have been deprived of the opportunity for collaborative learning and in-person dialogue, feedback, and critique, including but not limited to loss of clinical rotation learning opportunities.  The remote learning options are in no way the equivalent of the in-person education that Plaintiff and the putative class members contracted and paid for.  Despite this, Adelphi has notified its students that it is not providing tuition refunds related to COVID-19.

36.     Adelphi students were charged a higher price for in-person education programs than they would have been charged for online education.  This is clearly illustrated by the vast price difference per credit hour in Adelphi's in-person and online tuition rate schedules, and in Adelphi's fee schedules as well.

37.     Plaintiff and members of the Class did not choose to attend an online institution of higher learning, but instead chose to attend Defendant's institution and enroll on an in-person basis.

38.     Defendant markets Adelphi's on-campus experience as a benefit of enrollment on their website, as shown in the screenshots shown below:





39.     The online learning options being offered to Adelphi students do no provide the benefit of the bargain of an in-person educational environment—from the lack of facilities, materials, and access to faculty.  Students have been deprived of the opportunity for collaborative learning and in-person dialogue, feedback, and critique.

40.     The tuition and fees for in-person instruction at Adelphi are higher than tuition and fees for other online institutions because such costs cover not just the academic instruction

but encompass an entirely different experience, which includes but is not limited to:

- Face to face interaction with professors, mentors, and peers;

- Access to facilities such as libraries, laboratories, computer labs, and study rooms;

- Student government and student unions;

- Extra-curricular activities, groups, intramural sports, etc.;

- Student art, cultures, and other activities;

- Social development and independence;

- Hands on learning and experimentation; and

- Networking and mentorship opportunities.

41.     Through this lawsuit Plaintiff seeks, for himself and Class members, recovery of the pro-rated portion of tuition and fees, proportionate to the amount of time that remained in the Spring Semester 2020 when classes moved online and campus services ceased being provided in full.  Plaintiff seeks return of these amounts on behalf of himself and the Class as defined below.

## CLASS ALLEGATIONS

42.     Plaintiff seeks to represent a class defined as all people who paid Adelphi Spring Semester 2020 tuition and/or fees for in-person educational services that were not provided, and whose tuition and fees have not been refunded.  Specifically excluded from the Class are Defendant, Defendant's directors, agents, trustees, children, corporations, trusts, representatives, employees, principals, servants, partners, joint ventures, or entities controlled by or presided over by Defendant, and their heirs, successors, assigns, or other persons or entities related to or affiliated with Defendant and/or Defendant's trustees, officers and/or directors, the judge assigned to this action, and any member of the judge's immediate family.

43.     Subject to additional information obtained through further investigation and discovery, the foregoing definition of the Class may be expanded or narrowed by amendment or an amended complaint.

44.     **Numerosity.**  The members of the Class are geographically dispersed and are so numerous that individual joinder is impracticable.  Upon information and belief, Plaintiff reasonably estimates that there are thousands of members in the Class.  Although the precise number of Class members is unknown to Plaintiff, the true number of Class members is known by Defendant and may be determined through discovery.  Class members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant or third parties.

45.     **Existence and predominance of common questions of law and fact.**  Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting only individual Class members.  These common legal and factual questions include, but are not limited to, the following:

(a)     whether Class members paid money in exchange for the promise to provide in-person education and other related services;

(b)     whether the services for which Class members contracted were actually provided;

(c)     whether Class members are entitled to a refund for that portion of the tuition and fees that was contracted for services that were not provided;

(d)     whether the Class members' monies have been unlawfully converted; and

(d)     whether Defendant is liable to Plaintiff and the Class for unjust enrichment.

46.     **Typicality.**  Plaintiff's claims are typical of the claims of the other members of the Class in that, among other things, all Class members were similarly situated and were

comparably injured through Defendant's wrongful conduct as set forth herein. Further, there are no defenses available to Defendant that are unique to Plaintiff.

47. **Adequacy of Representation.** Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has retained counsel that is highly experienced in complex consumer class action litigation, and Plaintiff intends to vigorously prosecute this action on behalf of the Class. Furthermore, Plaintiff has no interests that are antagonistic to those of the Class.

48. **Superiority.** A class action is superior to all other available means for the fair and efficient adjudication of this controversy. The damages or other financial detriment suffered by individual Class members are relatively small compared to the burden and expense of individual litigation of their claims against Defendant. It would, thus, be virtually impossible for the Class on an individual basis, to obtain effective redress for the wrongs committed against them. Furthermore, even if Class members could afford such individualized litigation, the court system could not. Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts. Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action. By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances.

49. In the alternative, the Class may also be certified because:

(a) the prosecution of separate actions by individual Class members would create a risk of inconsistent or varying adjudications with respect to individual Class members that would establish incompatible standards of conduct for the Defendant;

(b)      the prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and/or

(c)      Defendant has acted or refused to act on grounds generally applicable to the Class as a whole, thereby making appropriate final declaratory and/or injunctive relief with respect to the members of the Class as a whole.

**COUNT I**
**Breach Of Contract**
**(On Behalf of The Plaintiff and The Class)**

50.      Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

51.      Plaintiff brings this claim individually and on behalf of the members of the Class against Defendant.

52.      Plaintiff and Defendant entered into a contractual relationship where Plaintiff would provide payment in the form of tuition and fees, and Defendant, in exchange, would provide in-person educational services, experiences, opportunities, and other related services. The terms of the parties' contractual relationship are set forth in publications from Defendant, including the Spring Semester 2020 Course Catalog.[3]

53.      When Plaintiff and Class Members sought to enter into a contractual agreement with Defendant for the provision of educational services for the Spring Semester 2020, Plaintiff and Class Members viewed the Course Catalog to make specific course selections prior to registering and paying tuition and fees for those selected courses.  Defendant's Course Catalog

---

[3] https://search.adelphi.edu/course-search/ (last visited September 26, 2020).

constitutes an offer to enter a contractual agreement.

54.     The Course Catalog provided Plaintiff and Class Members with information regarding the courses offered, the instructor, the days and times during which the courses would be held, and the location (including the building and room number) in which the courses would be held.

55.     Indeed, the Course Catalog search function allows students to search and register for classes based on "Mode of Instruction" and then search for "Traditional – In-Person Mode of Instruction."

56.     As part of the contract, and in exchange for the aforementioned consideration, Defendant promised to provide certain services, all as set forth above.  Plaintiff and Class Members fulfilled their end of the bargain when they paid monies due for Spring Semester 2020 tuition.  Tuition for Spring Semester 2020 was intended to cover in-person educational services from January through May 2020.  In exchange for tuition monies paid, Class Members were entitled to in-person educational services through the end of the Spring Semester.

57.     Defendant materially breached the parties' contractual agreement by failing to provide in-person educational services for the entirety of the Spring Semester 2020.  The provisions of the contract breached by Defendant include, but are not limited to, the provision setting forth the details of in-person educational services as described in the Spring Semester 2020 Course Catalog.  The Spring Semester 2020 Course Catalog indicated classes would be administered in an in-person, on-campus setting.  The Course Catalog did not make any reference to the administration of these courses in an online format.

58.     Defendant has failed to provide the contracted for services and has otherwise not performed under the contract as set forth above by failing to provide in-person educational

services from March 11, 2020 through the end of the Spring 2020 semester.  Defendant has retained monies paid by Plaintiff and the Class for their Spring Semester 2020 tuition and fees, without providing them the benefit of their bargain.

59.     Plaintiffs and members of the Class have suffered damage as a direct and proximate result of Defendant's breach, including but not limited to being deprived of the education, experience, and services to which they were promised and for which they have already paid.

60.     As a direct and proximate result of Defendant's breach, Plaintiffs and the Class are entitled to damages, to be decided by the trier of fact in this action, to include but not be limited to reimbursement of certain tuition, fees, and other expenses that were collected by Defendant for services that Defendant has failed to deliver.  Defendant should return the pro-rated portion of any Spring Semester 2020 tuition and fees (or at a minimum a portion thereof) for educational services not provided since Adelphi shut down on March 11, 2020.

61.     Defendant's performance under the contract is not excused due to COVID-19. Indeed, Defendant should have refunded the pro-rated portion of any educational services not provided.  Even if performance was excused or impossible, Defendant would nevertheless be required to return the funds received for services it will not provide.

62.     Therefore, Defendant should return a pro-rata share of the tuition and fees paid by Plaintiff and Class Members that relate to those in-person educational services that were not provided after Adelphi shut down on or around March 11,2020.  In-person educational services were not provided for approximately 50% of the Spring Semester 2020.

## COUNT II
## Unjust Enrichment
## (On Behalf of The Plaintiff and The Class In The Alternative)

63.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

64.     Plaintiff brings this claim individually and on behalf of the members of the Class against Defendant.

65.     Plaintiff and the Class conferred a benefit on Defendant in the form of monies paid for Spring Semester 2020 tuition and other fees in exchange for certain service and promises.  Tuition for Spring Semester 2020 was intended to cover in-person educational services from January through May, 2020.  In exchange for tuition monies paid, Class members were entitled to in-person educational services through the end of the Spring Semester.

66.     Defendant voluntarily accepted and retained this benefit by accepting payment.

67.     Defendant has retained this benefit, even though Defendant has failed to provide the education, experience, and services for which the tuition and fees were collected, making Defendant's retention unjust under the circumstances.  Accordingly, Defendant should return the pro-rated portion of any Spring Semester 2020 tuition and fees for education services not provided since Adelphi has not provided in-person education from March 11, 2020 onward.

68.     It would be unjust and inequitable for Defendant to retain the benefit conferred by Plaintiff's and Class Member's overpayments.

69.     Defendant should be required to disgorge all profits resulting from such overpayments and establish a constructive trust from which Plaintiff and Class Members may seek restitution.

## COUNT III
### Conversion
### (On Behalf of The Plaintiff and The Class)

70.    Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

71.    Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendant.

72.    Plaintiff and the Class have an ownership right to the in-person educational services they were supposed to be provided in exchange for their Spring Semester 2020 tuition and fee payments to Defendant.

73.    Defendant intentionally interfered with the rights of Plaintiff and the Class when it moved classes to an online format and discontinued in-person educational and other services for which tuition and fees were intended to pay, while retaining the tuition and fees paid by Plaintiff and the Class.

74.    Plaintiff and Class members demand the return of the pro-rated portion of any Spring Semester 2020 tuition and fees for education services not provided since Adelphi has not provided in-person education from March 11, 2020 onward.

75.    Defendant's retention of the fees paid by Plaintiff and Class member without providing the educational services for which they paid, deprived Plaintiff and Class members of the benefits for which the tuition and fees paid.

76.    This interference with the services for which Plaintiff and Class members paid damages Plaintiff and Class members in that they paid tuition and fees for services that will not be provided.

77.    Plaintiff and Class members are entitled to the return of pro-rated portion of any

Spring Semester 2020 tuition and fees for education services not provided since Adelphi has not provided in-person education from March 11, 2020 onward.

## COUNT IV
### Money Had And Received
### (On Behalf of The Plaintiff and The Class)

78.     Plaintiff hereby incorporates by reference all allegations contained in all preceding paragraphs of this complaint.

79.     Plaintiff brings this claim individually and on behalf of the members of the Class against Defendant.

80.     Plaintiff and members of the Class paid monetary funds to Defendant for tuition and fees for the Spring Semester 2020.

81.     Defendant has retained the monies paid by Plaintiff and members of the Class for the Spring Semester 2020 while not providing in-person educational services, activities, opportunities, resources, and facilities for which those monies were paid.

82.     Defendant is in possession and holds money that belongs to Plaintiff and the members of the Class in equity and good conscience.

83.     Defendant has been unjustly enriched by its retention of the funds Plaintiff and the members of the Class paid Defendant for tuition and fees, and it is unconscionable for Defendant to retain funds to which it is not entitled.

84.     Defendant's unlawful retention of Plaintiff's and Class Member's funds has damaged Plaintiff and the members of the Class.

85.     Defendant owes Plaintiff and members of the Class for money had and received, including, but not limited to, the amount of Plaintiff's and Class Member's pro-rated tuition and fees for the Spring Semester 2020.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks

judgment against Defendant, as follows:

(a)     For an order certifying the Class under Rule 23 of the Federal Rules of
Civil Procedure and naming Plaintiff as representative of the Class and
Plaintiff's attorneys as Class Counsel to represent the Class;

(b)     For an order finding in favor of Plaintiff and the Class on all counts
asserted herein;

(c)     For compensatory and punitive damages in amounts to be determined by
the Court and/or jury;

(d)     For prejudgment interest on all amounts awarded;

(e)     For an order of restitution and all other forms of equitable monetary relief;

(f)     For injunctive relief as pleaded or as the Court may deem proper; and

(g)     For an order awarding Plaintiff and the Class their reasonable attorneys'
fees and expenses and costs of suit.

## DEMAND FOR TRIAL BY JURY

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any

and all issues in this action so triable of right.

Dated: September 30, 2020                    Respectfully submitted,

**BURSOR & FISHER, P.A.**

By:     _/s/ Joseph I. Marchese_____
Joseph I. Marchese

Joseph I. Marchese
888 Seventh Avenue
New York, NY 10019
Telephone: (646) 837-7150
Facsimile:  (212) 989-9163
Email: jmarchese@bursor.com

**BURSOR & FISHER, P.A.**
Sarah N. Westcot *(pro hac vice* app. forthcoming*)*
701 Brickell Ave., Suite 1420
Miami, FL 33131
Telephone: (305) 330-5512
Facsimile:  (305) 676-9006
Email: swestcot@bursor.com

*Attorneys for Plaintiff*